FILED

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

2016 DEC 16  AM 10: 38

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

SANTIARY RIVERA and
HECTOR L. BURGOS, on behalf of themselves
and on behalf of all others
similarly situated,

      Plaintiffs,

v.

Case No.: 6: 16-cv-2158-or1- 37TBS

U.S.A. TRANSPORTER SERVICES, INC,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, SANTIARY RIVERA and HECTOR L. BURGOS ("Plaintiffs"), by
and through undersigned counsel, on behalf of themselves and on behalf of all others
similarly situated, brings this action against Defendant, U.S.A. TRANSPORTER
SERVICES, INC. ("Defendant"), and in support of their claims state as follows:

## JURISDICTION AND VENUE

1.      This is an action for damages for violations of the Fair Labor Standards
Act ("FLSA"), 29 U.S.C. § 201 *et seq*., unpaid wages under Florida common law,
violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla.
Stat. § 501.201 *et seq*., and the Internal Revenue Code, 26 U.S.C. § 7434.

2.      This Complaint is filed as a collective action under 29 U.S.C. § 216(b)
and as a class action under Federal Rule of Civil Procedure 23.

3.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 *et seq.*

4.     Exercise of supplemental jurisdiction over Plaintiffs' state law claims is appropriate under 28 U.S.C. § 1367(c).

5.     Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Orange County, Florida, which lies within the Middle District.

## PARTIES

6.     Plaintiffs are residents of Orange County, Florida.

7.     Defendant operates a transportation services company in Orlando in Orange County, Florida.

## GENERAL ALLEGATIONS

8.     Plaintiffs have satisfied all conditions precedent, or they have been waived.

9.     Plaintiffs have hired the undersigned attorneys and agreed to pay them a fee.

10.     Plaintiffs request a jury trial for all issues so triable.

11.     At all times material hereto, Named Plaintiffs were employed by Defendant as drivers.

12.     The similarly situated employees consists of all other drivers employed by Defendant during any period of time within the past three years.

13. The putative class consist of all other drivers who were employed by Defendant during any period of time within the past three years.

14. At all times material hereto, Plaintiffs and the similarly situated employees were "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such were subject to the individual coverage of the FLSA.

15. At all times material hereto, Plaintiffs and the similarly situated were "employees" of Defendant within the meaning of the FLSA.

16. At all times material hereto, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

17. Defendant continues to be an "employer" within the meaning of the FLSA.

18. At all times material hereto, Defendant was and continues to be an enterprise covered by the FLSA, as defined under 29 U.S.C. §§ 203(r) and 203(s).

19. At all times relevant to this action, Defendant engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(s).

20. At all times relevant to this action, the annual gross sales volume of Defendant exceeded $500,000 per year.

21. At all times material hereto, the work performed by Plaintiffs and the similarly situated employees was directly essential to the business performed by Defendant.

22. At all times material hereto, Plaintiff and all situated employees were "persons" within the meaning of FDUTPA, Fla. Stat. § 511.211(2).

3

23.     At all times material hereto, Defendant was engaged in trade or commerce, and as such, was governed by FDUTPA.

24.     The Internal Revenue Service ("IRS") will be notified of this Complaint as is required under the Internal Revenue Code. In particular, 26 U.S.C. § 7434(d) provides that "[a]ny person bringing an action under [26 U.S.C. § 7434] Subsection (a) shall provide a copy of the complaint to the IRS upon the filing of such complaint with the court."

## FACTS

25.     Plaintiff SANTIARY RIVERA began working for Defendant as a driver in May 2015, and she worked in this capacity until on or about May 4, 2016.

26.     Plaintiff HECTOR L. BURGOS began working for Defendant as a driver in January 2013, and he worked in this capacity until on or about May 4, 2016.

27.     At all times material hereto, Plaintiffs and the similarly situated employees worked hours at the direction of Defendant, and they were not paid at least the applicable minimum wage for all of the hours that they worked.

28.     At various times material hereto, Plaintiffs and the similarly situated employees worked hours in excess of forty (40) hours within a work week for Defendant, and they were entitled to be paid an overtime premium equal to one and one-half times their regular hourly rate for all of these hours.

29.     By failing to accurately record all of the hours worked by Plaintiffs and the similarly situated employees, Defendant has failed to make, keep, and preserve records with respect to each of its employees in a manner sufficient to determine their

4

wages, hours, and other conditions of employment, in violation of the FLSA. *See* 29 C.F.R. § 516.2

30.     At various times material hereto, Defendant made improper deductions from Plaintiffs' paychecks to cover the costs of damage insurance on Defendant's vehicles.

31.     By making improper deductions from Plaintiffs' paychecks, Defendant failed to pay Plaintiffs all wages owed to them.

32.     The improper deductions taken from Plaintiffs' paychecks constitute "wages" under Florida common law and Fla. Stat. Section 448.08.

33.     In an effort to avoid providing its drivers with the minimum benefits and protections afforded employees under the FLSA and Florida law, Defendant has willfully, uniformly, and unilaterally classified its drivers as independent contractors, rather than employees, despite the fact that the factual circumstances of the relationship between Defendant and its drivers clearly demonstrate that Defendant's drivers are, in fact, employees of the company.

34.     By misclassifying Plaintiffs and all similarly situated employees of Defendant as independent contractors, Defendant avoided withholding employment taxes from their earnings. Defendant avoided paying mandatory employment taxes on their behalf, as it was legally required to do for all of its employees under the provisions of the Internal Revenue Code. *See* 26 U.S.C. §§ 3102(a), and 3492(a) (imposing a duty on employers to deduct applicable taxes from their employees' wages); 26 U.S.C. §

3401(d)(1) (defining "employer" under the IRC); (26 U.S.C. § 3121(a) (defining employee wages for the purpose of income taxation).

35.     Defendant's purpose in misclassifying Plaintiffs and all similarly situated employees of Defendant as independent contractors, rather than properly classifying them as employees, was to save money and simultaneously acquire a competitive advantage in the marketplace. Specifically, by avoiding payment of all applicable employment taxes that it had a legal duty to pay on behalf of its drivers by virtue of their status as employees, Defendant saved the money that it would otherwise have spent in meeting its tax obligations in connection with their employment. Moreover, this intentional misclassification of employees as independent contractors helped Defendant acquire a competitive advantage in the marketplace.

36.     In purposely avoiding payment of the mandatory employment taxes that is was legally obligated to pay on behalf of its drivers in order to save money for its business, Defendant simultaneously ensured that its cost of labor remained consistently lower than those of other employers in Orange County, all while deprive Plaintiffs and all similarly situated employees of Defendant of benefits to which, as employees, there were entitled by law.

37.     Thus, by intentionally misclassifying Plaintiffs and all similarly situated drivers, Defendant in unfair methods of competition, unconscionable acts or practices, and unfair deceptive acts or practices in conduct of any trade or commerce, thereby violating the FDTUPA.

38.     Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA, the FDUTPA, and the Internal Revenue Code.

## COLLECTIVE ACTION ALLEGATIONS

39.     Plaintiffs bring this case as an "opt-in" collective action on behalf of similarly situated employees of Defendant pursuant to 29 U.S.C. § 216(b). The similarly situated employees are composed of drivers whom Defendant failed to compensate for all overtime hours worked in accordance with the FLSA.

40.     Therefore, notice is properly sent to: "All drivers whom Defendant failed to compensate for all of the overtime hours that they worked during any period of time within the past three years."

41.     The total number plaintiffs who may "opt in" may be determined from the records of Defendant, and they may easily and quickly be notified of the pendency of this action.

42.     Plaintiffs are similar to the similarly situated employees because they have been unlawfully denied full payment of their overtime wages as mandated by the FLSA.

43.     Plaintiffs' experience with Defendant's payroll practices is typical of the experiences of the similarly situated employees.

44.     Defendant's failure to pay all overtime wages due at the premium rates required by the personal circumstances of the named Plaintiffs is common to the similarly situated employees

45.     Defendant's failure to pay all wages due at a rate that was at least equal to the applicable statutory minimum wage is common to the similarly situated employees.

46.     Defendant's practice of making unlawful deductions from wages in violation of the FLSA is common to the similarly situated employees.

47.     Overall, Plaintiffs experience as drivers are typical of the experience of the similarly situated employees

48.     Specific job titles or job duties of the similarly situated employees do not prevent collective treatment.

49.     Although the issues of damages can be individual in character, there remains a common nucleus of operative facts concerning Defendant's liability under the FLSA in this case.

## RULE 23 CLASS ACTION ALLEGATIONS

50.     Plaintiffs assert their Rule 23 class claims on behalf of the Putative Classes defined as follows:

> FDUTPA CLASS: All drivers employed by Defendant in the United States of America from the four years preceding the filing of this Complaint through the date of final judgment in this action.
>
> IRS Class: All drivers employed by Defendant in the United States who were classified as independent contractors rather than employees for whom Defendant filed fraudulent Form 1099s within the applicable limitations period through the date of final judgment in this action.

51.     Plaintiffs and all similarly situated employees of Defendant are members of the Putative FDUTPA and IRS Classes described herein.

52.     The number of persons belonging to the Putative Rule 23 Classes herein is so numerous that joinder of all such persons would be impracticable. While the exact number and identities of all such persons are unknown to Plaintiffs at this time and will only be obtainable through appropriate discovery, Plaintiffs are informed and reasonably

believe, and on this basis allege, that the Putative Rule 23 Classes described herein includes over 100 persons.

53.    Disposition of the FDUTPA and IRS claims of Plaintiffs and all similarly situated employees of Defendant in a class action will benefit all parties and this Court.

54.    A well-defined community of interest is presented by the Putative Rule 23 Classes herein, because each member of the Putative Rule 23 Classes have an interest in being classified as an employee rather than an independent contractor, obtaining adequate compensation for the common damages which Plaintiffs and all other persons similarly situated have suffered as a result of Defendant's actions.

55.    Each member of the Putative Classes described herein has performed labor for Defendant at Defendant's request at some time the Class Period, while the members of the Putative Class were unlawfully misclassified as independent contractors.

56.    In this instant case, a class action is superior to any other available method in order to promote and achieve the fair and efficient adjudication of the claims presented herein.

57.    The prosecution of separate actions by individual members of the Putative Rule 23 Classes described herein would create a risk of inconsistent and/or varying adjudications with respect to individual members of the Putative Classes, resulting in the establishment of incompatible standards of conduct for Defendant, and creating the risk that separate adjudication of individual Class members' claims would, as a practical matter, either dispose of the interests of other Class members who had no opportunity to

9

join those separate suits, or substantially impede or impair the ability of these other Class members to protect and vindicate their own interests.

58.     Common questions of law and fact exist in this case with respect to the Putative Rule 23 Classes, and these common questions predominate over any separate, individual issues only affecting members of the Class in their individual capacities.

59.     At some time during the Class Period, all of the individuals who belong to the Putative Rule 23 Classes herein have been employed by Defendant have been unlawfully subjected to a uniform, consistent set of unfair employment practices by Defendant, as described more fully herein.

60.     The common questions of fact involved in this case include, without limitation: Whether each member of the Putative Classes have been subjected to the same company-wide policies and practices related to the manner in which they conduct their work, the methods that they use in conducting their work, the manner in which they are compensated for their work, the manner in which Defendant keeps track of their working hours, and the manner in which Defendant keeps records reflecting their hours of work; and (2) whether Defendant evaded its legal obligation to deduct all applicable employment taxes from the earnings of each member of the Putative Classes in order to gain an unfair competitive advantage over other employers in Orange County, who deduct all applicable employment taxes from their employees' earnings as required by law.

61.     The common questions of law involved in this case include, without limitation: (1) whether Class Members performed labor for Defendant as employees or as

10

independent contractors; (2) whether Defendant's uniform policies and practices related to the relationship between Defendant and its employees are unlawful, unfair, and/or deceptive business practices that violate FDUTPA and the applicable civil IRS statute; and (3) whether Plaintiff and all other persons similarly situated are entitled to general and/or special damages as a result of any of FDUTPA and IRS violations complained of herein, and if so, the nature of such damages.

62.    The claims of the Named Plaintiffs in this case are typical of those of the Class Members which they seeks to represent, in that Plaintiffs and each member of the Classes have sustained damages, and are facing irreparable harm because of, and arising out of, a common course of conduct engaged in by Defendant, as complained of herein.

63.    The claims of Plaintiffs coincide with, and are not antagonistic to, the claims of other Class Members whom the Plaintiffs seeks to represent.

64.    Plaintiffs will fairly and adequately represent and protect the interests of the members of the Putative Classes whom they seeks to represent.  Plaintiffs does not have any interests that are adverse to the interests of the members of the Putative Class described herein.

65.    Counsel for Plaintiffs are experienced, qualified, and generally able to conduct complex class action legislation.

66.    The relief sought in this action is necessary to restore to members of the Putative Class the money and property which Defendant has illegally acquired through the unlawful treatment of each Class Member as described herein.

67.    Plaintiffs intend to send notice to all members of the Putative Classes

to the extent required by Federal Rule of Civil Procedure 23. The names and addresses of the Putative Class members are readily available from Defendant's records.

## COUNT I – FLSA OVERTIME VIOLATIONS

68.     Plaintiffs reallege and readopt the allegations of Paragraphs 1 through 67 of this Complaint, as fully set forth herein. Plaintiffs bring this action on behalf of themselves and all other similarly situated employees in accordance with 29 U.S.C. § 216(b). Plaintiffs anticipate that as this case proceeds, other individuals will sign consent forms and join this collective action as plaintiffs.

69.     During the statutory period, Plaintiffs and the similarly situated employees worked overtime hours while employed by Defendant, and they were not properly compensated for all of these hours under the FLSA.

70.     Defendant failed to compensate Plaintiffs and the similarly situated employees for all of the overtime hours that Plaintiffs and the similarly situated employees worked.

71.     The similarly situated employees are similarly situated because they were all employed as drivers by Defendant, were compensated in the same manner, and were all subject to Defendant's common policy and practice of failing to pay its drivers for all of the overtime hours that they worked in accordance with the FLSA.

72.     This reckless practice violates the provisions of the FLSA, specifically 29 U.S.C. § 207(a)(1). As a result, Plaintiffs and the similarly situated employees are individually entitled to an amount equal to their unpaid overtime wages as liquidated damages.

12

73.     All of Defendant's conduct, as alleged and described above, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

74.     As a result of the foregoing, Plaintiffs and the similarly situated employees have suffered damages.

**WHEREFORE**, Plaintiffs and all similarly situated employees who join this collective action demand:

(a)     Designation of this action as a collective action on behalf of the Plaintiffs and the similarly situated employees that  seeks to represent, in accordance with the FLSA;

(b)      Prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated employees, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. § 216(b);

(c)      Equitable tolling of the statute of limitations from the date of the filing of this complaint until the expiration of the deadline for filing consent to sue forms under 29 U.S.C. § 216(b);

(d)     Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by this Court;

(e)     Judgment against Defendant for an amount equal to the unpaid overtime wages of Plaintiffs and all opt-in similarly situated employees, at the applicable overtime rate;

(f)    A declaratory judgment stating that the practices complained of herein are unlawful under the FLSA;

(g)    Judgment against Defendant for an amount equal to the unpaid back wages of Plaintiffs and all opt-in similarly situated employees at the applicable overtime rate, as liquidated damages;

(h)    Judgment against Defendant stating that their violations of the FLSA were willful;

(i)    To the extent liquidated damages are not awarded, an award of prejudgment interest;

(j)    All costs and attorney's fees incurred in prosecuting these claims; and

(k)    For such further relief as this Court deems just and equitable.

## COUNT II – FLSA UNPAID WAGES

75.    Plaintiffs reallege and readopt the allegations of paragraphs 1 through 67 of this Complaint, as though fully set forth herein.

76.    During the statutory period, Plaintiffs worked for Defendant, and Defendant agreed to pay Plaintiffs for their services.

77.    Defendant consistently made a deduction from Plaintiffs' wages to cover the cost of damage insurance that Defendant required Plaintiff to pay on its vehicles.

78.    Defendant's practice of unlawfully deducting these monies from Plaintiffs' wages constitutes a failure to pay the federal minimum wage to employees for hours worked, in violation of the FLSA.

79. By unlawfully deducting these monies from Plaintiffs' wages, Defendant obtained "kickbacks" from Plaintiff, in violation of 29 C.F.R. § 531.35.

80. Defendant's unlawful deduction practices violate the provisions of the FLSA.

81. All of the foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

82. As a result of the foregoing, Plaintiffs have suffered damages.

***WHEREFORE***, Plaintiff demands:

a) Judgment against Defendant for an amount equal to Plaintiffs' unpaid wages as measured by Defendant's unlawful deductions, as liquidated damages;

b) Judgment against Defendant, stating that Defendant's violations of the FLSA were willful;

c) A jury trial for all issues so triable;

d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

e) A declaratory judgment stating that the practices complained of herein are unlawful under the FLSA;

f) All costs and attorney's fees incurred in prosecuting these claims; and

g) For such further relief as this Court deems just and equitable.

## COUNT III – UNPAID WAGES UNDER FLORIDA COMMON LAW

83. Plaintiff realleges and readopts the allegations of paragraphs 1 through 67 of this Complaint, as though fully set forth herein.

84. Plaintiffs worked for Defendant during the statutory period, and Defendant agreed to pay Plaintiffs for their services.

85. Defendant failed to pay Plaintiff all "wages" owed to, including the improper deductions taken from Plaintiffs paychecks.

86. As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiffs demand:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages;

d) All costs and attorney's fees incurred in prosecuting these claims, in accordance with Fla. Stat. §448.08; and

e) For such further relief as this Court deems just.

## COUNT IV – VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

87. Plaintiffs reallege and readopt the allegations of paragraphs 1 through 67 of this Complaint, as though fully set forth herein.

88. In an effort to avoid providing its drivers with the minimum benefits and protections afforded employees under Florida law, Defendant has willfully, uniformly, and unilaterally classified its drivers as independent contractors rather than employees,

despite the fact that the factual circumstances of the relationship between Defendant and its drivers clearly demonstrate that the drivers are in fact employees of the company.

89.    In violation of FDUTPA, Defendant engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of its trade and commerce, and has thereby deprived Plaintiffs of fundamental rights and privileges guaranteed to all employees under Florida law.

90.    The actions of Defendant, in misclassifying Plaintiffs' employment, are unfair and deceptive trade practices prohibited by Florida Statutes. Specifically, Defendant's misclassification of Plaintiffs as independent contractors resulted in substantial cost savings to Defendant (due to its not having to pay employment taxes) and gave Defendant an unfair competitive advantage over its competitors.

91.    By and through Defendant's unfair, unlawful, and/or deceptive business practices described herein, Plaintiffs have suffered injury in fact in that Defendant has obtained valuable property, money and/or services from Plaintiffs, and has deprived Plaintiffs of valuable rights and benefits guaranteed by law.

92.    All of the acts described herein are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, fraudulent, and/or unscrupulous, and thereby constitute unfair, unlawful and/or deceptive business practices in violation of FDUTPA.

93.    Plaintiffs are entitled to and does seek such relief as may be necessary to restore to him the money and property which Defendant has acquired, or of which

Plaintiffs have been deprived, by means of the above-described unfair, unlawful and/or deceptive business practices.

**WHEREFORE**, Plaintiffs demand:

(a)    Judgment against Defendant and determination by the Court that Defendant violated the FDUTPA;

(b)    Plaintiffs' actual damages;

(c)    All costs and attorney's fees incurred in prosecuting these claims; and

(d)    For such further relief as the Court deems just and equitable.

## COUNT V – CIVIL DAMAGES FOR FRAUDULENT FILING OF INFORMATION RETURNS 26 U.S.C. § 7434

94.    Plaintiffs reallege and readopt the allegations of paragraphs 1 through 67 of this Complaint, as though fully set forth herein.

95.    Pursuant to 26 U.S.C. § 7434, "[if] any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return." 26 U.S.C. § 7434

96.    At all times material hereto, Defendant misclassified Plaintiffs independent contractors.

97.    The Defendant issued an informational return Form 1099 MISC directly to the IRS on behalf of Plaintiff. During the course of this employment with Defendant, Defendant filed false information returns for Plaintiffs with the IRS which misclassified them as independent contractors.

**WHEREFORE**, Plaintiffs demand:

(a)     Costs attributable to resolving deficiencies, damages of $5,000.00 for Plaintiff and damages resulting from the additional tax debt and additional time/expenses associated with any necessary correction.

(b)     That Defendant be ordered to take all the necessary steps to correct the above identified information returns;

(c)     All costs and attorney's fees incurred in prosecuting these claims; and

(d)     For such further relief as the Court deems just and equitable.

### JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 5th day of December, 2016.

Respectfully submitted,

**LUIS A. CABASSA**
Florida Bar Number: 0053643
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: (813) 379-2565
Facsimile: 813-229-8712
Email: lcabassa@wfclaw.com
Email: twells@ wfclaw.com
**Attorneys for Plaintiffs**

19