UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case Number: 6:16-cv-02158-RBD-TBS

SANTIARY RIVERA and HECTOR L.
BURGOS, on behalf of themselves and
on behalf of all others similarly situated,

    Plaintiffs,

v.

USA TRANSPORTER SERVICES, INC.,

    Defendant.

_____/

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

Plaintiffs, Santiary Rivera and Hector L. Burgos ("Plaintiffs"), on their own behalf, and Defendant, USA Transporter Services, Inc., ("Defendant"), hereby agree upon this Settlement Agreement and Mutual Release ("Settlement" or "Agreement") of all issues involved in the above-styled case as follows:

1. Defendant does not admit, but rather, specifically denies, liability to Plaintiffs, or to anyone else as a result of or growing out of matters set forth in the pleadings of the Plaintiffs in the above-entitled cause. Plaintiffs represent and warrant that they know of no other person who expressed a desire or intent to opt-into, or join, this action or file a similar claim against Defendant or any related entity, who has not already filed such a claim.

2. Defendant agrees to pay, and Plaintiffs and their attorney agree to accept, the total sum of Ten Thousand Dollars and 00/100 ($10,000.00) to be paid as set forth below, and other good and valuable consideration as described below in exchange for a full and final release of all claims that were or could have been brought in the above-styled action.

{26504951;1}

3.  As part of this Agreement and a result of the payments to be made to Plaintiffs by Defendant through this Agreement, Plaintiffs agree that they have now been paid for all hours worked and overtime compensation while employed by Defendant and agrees that Defendant does not owe Plaintiffs any other monies with regard to compensation associated for hours worked or for any other reason.

4.  Defendant shall provide Plaintiffs with a neutral employment reference and upon inquiry shall confirm Plaintiffs' dates of work and rate(s) of pay, but without reference to any claim asserted by them, this lawsuit, nor the resolution thereof.

5.  The Parties further agree that the Court may dismiss, with prejudice, the above-styled lawsuit, which is pending in the United States District Court for the Middle District of Florida, upon the effective date of this compromise Settlement Agreement. It is also agreed that in the event the above-numbered and entitled lawsuit is not dismissed with prejudice, this compromise Settlement Agreement shall become null and void and Defendant shall be entitled to return by Plaintiffs of all sums paid by Defendant hereunder.

6.  It is further agreed and understood that Defendant shall mail the settlement proceeds via Federal Express to the Wenzel Fenton Cabassa firm, Plaintiffs' attorney, in two installments, as follows:

    (a) Within 10 days of the Court's approval of the settlement, one check to Santiary Rivera for Three Thousand Dollars ($3,000.00), and one check to Hector Burgos for Three Thousand Dollars ($3,000.00).

    (b) Within 30 days of the first payment, one check to Wenzel Fenton Cabassa, P.A., Trust Account for Four Thousand Dollars ($4,000.00).

Defendant has no knowledge as to the fee agreement between Plaintiffs and their counsel.

7.  Plaintiffs agree to assume full responsibility for and to hold Defendant harmless for the payment of any federal, state, or local taxes with respect to the monies paid in Paragraph

{26504951;1}

7, and Plaintiffs shall be responsible for, hold Defendant harmless for and/or reimburse Defendant, for any and all taxes, including any interest or penalty assessed by any taxing entity against Defendant, but excluding the employer portion of any FICA tax, that may be determined to be owed thereon. Plaintiffs agree to pay any such taxes owed by Plaintiffs, and, acknowledges that Defendant will issue one or more Form 1099s in connection with the above-referenced payments.

8. In consideration of the monies and other good and valuable consideration provided for herein, Plaintiffs represent and warrant that Plaintiffs will comply with all the terms of this Settlement Agreement. Should Plaintiffs breach any provisions or paragraphs of this Agreement, Defendant shall have all rights, remedies and/or causes of action available at law or in equity. It is understood that Defendant shall be entitled to recover, as a part of its costs, any attorneys' fees incurred by it in connection with any pursuit by Plaintiff of any claim, or type of claim, released by this Agreement. Plaintiffs acknowledge that any breach of this Agreement shall entitle the Defendant to prevailing party attorneys' fees and costs, damages, and injunctive relief to enjoin the actions of Plaintiffs.

9. This Agreement is to be construed and governed under the laws of the State of Florida and shall bind the parties and their respective heirs, estates, successors and assigns. If any provision is determined by a court of competent jurisdiction to be invalid or unenforceable, the remaining provisions shall continue in full force and effect notwithstanding, except that if paragraphs 2, 3, 4 and 6 are found to be unenforceable and the terms of those provisions cannot be resolved satisfactorily by the parties, then at the option of Defendant, this Agreement shall be null and void and Defendant shall be entitled to the return of all sums paid by Defendant hereunder. Plaintiffs acknowledge that Plaintiffs have not previously transferred, assigned or conveyed any right or claim released in this Agreement.

{26504951;1}

10. It is further understood and agreed that the total sum of Ten Thousand Dollars ($10,000.00) paid as set forth above, and the other good and valuable consideration provided for herein, are not mere recitals, but are the consideration for this Agreement and the full and final release effected thereby. Plaintiffs hereby represent and warrant that they have entered into this Settlement Agreement of their own free will and accord and in accordance with Plaintiffs' own judgment, and after consultation with Plaintiffs' attorneys. Plaintiffs hereby states that Plaintiffs and Plaintiffs' counsel have made a full and independent investigation of all the facts and representations relating to this agreement and release and therefore states that Plaintiffs have not been induced to enter into this Agreement by any statement, fact or representation of any kind or character on the part of Defendant, or on the part of Defendant's agents, attorneys, servants, employees or representatives other than those specifically set out herein. Plaintiffs specifically state that Plaintiffs are executing this Agreement knowingly and voluntarily.

11. Plaintiffs acknowledge that Plaintiffs have thoroughly read the entire Agreement, and specifically acknowledges the following:

    a. Plaintiffs understand the language of the settlement agreement and release, and that any questions Plaintiffs may have had during Plaintiffs review of the Agreement were explained to Plaintiffs' satisfaction and understanding by retained legal counsel of their choosing;

    b. Plaintiffs understand that Plaintiffs are not waiving any rights or claims that may arise after the date this settlement agreement and release is executed;

    c. Plaintiffs' waiver of rights and claims in this Agreement is in exchange for good and valuable consideration in addition to that which Plaintiffs may already be entitled;

    d. Plaintiffs have been advised to consult, and has consulted or had adequate opportunity to consult, legal counsel of their choosing prior to executing this Agreement;

12. The parties hereto acknowledge that this Agreement is enforceable in the state or federal courts of Florida. Plaintiffs and Defendant hereby waive any pleas of jurisdiction or

{26504951;1}

venue as not being residents of Orange County, Florida, and hereby specifically authorize any action brought upon the enforcement of this Agreement to be commenced or filed in Orange County, Florida.

13. It is further agreed that each party shall bear their, its or his own costs and attorneys' fees, other than what is expressly set forth herein, incurred in the above-entitled suit and in handling the matters covered by this Agreement.

14. This Agreement is entered into freely and voluntarily by the parties solely to avoid further costs, risks and hazards of litigation and to settle all claims and potential claims related to the above styled action.

15. Plaintiffs understand and agree that they would not receive the monies and/or benefits specified above, except for their execution of this Agreement and the fulfillment of the promises contained herein.

16. The parties acknowledge that approval of this Agreement by the Court is a prerequisite to its validity. The parties agree that the Agreement shall not become effective or enforceable until the Court approves the Agreement and enters the Final Judgment of Dismissal. The parties agree that the Court shall retain jurisdiction to enforce the terms of this Agreement for a period of six months.

17. Each party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement.

18. This Agreement cannot be modified, altered or changed except by a writing signed by the parties wherein specific reference is made to this Agreement.

19. This Agreement constitutes a single integrated contract expressing the entire agreement of the parties hereto. There is no other agreement or understanding, written or oral,

{26504951;1}

expressed or implied, among the parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement.

20. Language of all parts of this Agreement shall be construed as a whole according to its fair meaning. The parties agree that this Agreement is the product of joint authorship, and in the event of any ambiguity the Agreement shall not be construed against any party.

21. In the event a payment is not timely received, Plaintiffs will provide written notice to Defendant's counsel via email and Defendant will have five (5) calendar days to cure. If Plaintiffs have not received payment upon the expiration of this five (5) calendar day period, Plaintiffs shall immediately be entitled to a consent judgment against Defendant, for all unpaid portions of the settlement funds.

22. The individual executing this Agreement on behalf of the corporate Defendant has all requisite capacity, power and authority to execute and bind Defendant to this Agreement, and to perform all obligations hereunder.

**As to Plaintiff:**

04/18/17
Date

_[signature]_
Santiary Rivera

**As to Plaintiff:**

04/18/17
Date

_[signature]_
Hector L. Burgos

**As to Defendant:**

4/24/17
Date

{26504951;1}