UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SANTIARY RIVERA; and HECTOR L.
BURGOS,

    Plaintiffs,

v.                                                      Case No. 6:16-cv-2158-Orl-37TBS

U.S.A. TRANSPORTER SERVICES,
INC.,

    Defendant.
_____

## ORDER

Plaintiffs initiated this putative collective action against Defendant alleging that it failed to pay them overtime and minimum wages in violation of the Fair Labor Standards Act ("**FLSA**"). (Doc. 1.) On April 4, 2017, the parties submitted their first motion for approval of their settlement agreement pursuant to *Lynn's Food Stores, Inc. v. United States ex rel. United States Department of Labor*, 679 F.2d 1350 (11th Cir. 1982). (*See* Doc. 18). Plaintiffs first four attempts at settlement have failed. (*See* Docs. 18, 20, 22, 24.) Now—on their fifth iteration—the parties once again move for approval of their operative settlement agreement. (Doc. 28 ("**Approval Motion**"); *see also* Doc. 28-1 ("**Agreement**").)

On August 31, 2017, U.S. Magistrate Judge Thomas B. Smith issued a Report recommending that the Court deny the Approval Motion and reject the Agreement. (Doc. 29 ("**R&R**")). Neither party filed timely objections, which were due on September 14, 2017. Instead, on September 15, 2017, Plaintiffs moved for an extension of time to file

-1-

objections to the R&R. (*See* Doc. 32 ("**Extension Motion**").) Complicating matters, on September 19, 2017, Plaintiffs filed a Notice of Filing Revised Settlement Agreement in Support of Motion to Approve Settlement (Doc. 33), and attached another version of a proposed settlement agreement (Doc. 33-1).

To begin, Magistrate Judge Smith concludes in his R&R that, while the Agreement corrects some of the problems identified in prior iterations, (*see* Doc. 29, pp. 2–3 (describing deficiencies in previous versions)), it too is deficient (*see id.* at 11). Specifically, Magistrate Judge Smith takes issue with the Agreement's: (1) language preventing Plaintiffs' from bringing claims against Defendant "for any other reason"; (2) jurisdiction-retention provision that the Court previously instructed the parties to strike; and (3) provision where Plaintiffs' damages are not classified as wages that enables Defendant to not issue W-2s as appropriate. (*Id.* at 5–10.)

Given these deficiencies, Plaintiffs' untimely Extension Motion is moot, and warrants no further discussion. (*See* Doc. 32.) Hence, in the absence of timely objections, the Court has examined the R&R only for clear error. *See Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-cv-557-T-27EAJ, 2016 WL 355490, at *1 (M.D. Fla. Jan. 28, 2016); *see also Marcort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). Finding no clear error, the Court concludes that the R&R is due to be adopted in its entirety.

As to Plaintiffs' last-ditch effort to cure the Agreement's deficiencies by notice, this is wholly improper and due to be stricken. *See* Local Rule 3.01(f) (requiring all requests for relief to be submitted by motion). To the extent Plaintiffs seek the Court's approval of a sixth iteration of their proposed settlement agreement, they must do so by motion.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. U.S. Magistrate Judge Thomas B. Smith's Report and Recommendation (Doc. 29) is **ADOPTED, CONFIRMED**, and made a part of this Order.

2. The parties' Amended Joint Motion to Approve FLSA Settlement and to Dismiss with Prejudice (Doc. 28) is **DENIED**.

3. The parties' Settlement Agreement and Mutual Release (Doc. 28-1) is **REJECTED**.

4. Plaintiffs Santiary Rivera and Hector L. Burgos' Amended Motion for Extension of Time to File Objections to the Report and Recommendations (Doc. 31) is **DENIED AS MOOT**.

5. The Clerk is **DIRECTED** to **STRIKE** Plaintiffs Santiary Rivera and Hector L. Burgos' Notice of Filing Revised Settlement Agreement in Support of Motion to Approve Settlement (Doc. 33).

6. On or before Wednesday, **September 27, 2017**, the parties may file an amended motion for approval that remedies the defects identified in the Report and Recommendation (Doc. 29). Failure to timely file a motion will render any settlement agreement reached by the parties unenforceable.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on September 20, 2017.

ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record