UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SANTIARY RIVERA and HECTOR L. BURGOS,

    Plaintiffs,

v.

Case No: 6:16-cv-2158-Orl-37TBS

U.S.A. TRANSPORTER SERVICES, INC.,

    Defendant.

## REPORT AND RECOMMENDATION

Pending before the Court is the parties' Third Amended Joint Motion to Approve FLSA Settlement and to Dismiss with Prejudice (Doc. 35). The parties request the Court's approval of the latest iteration of their proposed settlement of Plaintiffs' Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* claim. This is the parties' sixth attempt at writing a settlement agreement that withstands judicial scrutiny (Docs. 19, 20, 21, 23, 28). I have read the parties' amended settlement agreement and for the reasons discussed below, respectfully recommend that the motion be **granted.**

### I. Background

Plaintiffs are suing Defendant for: (1) violating the FLSA; (2) failing to pay them all wages owed under Florida common law; (3) violating the Florida Deceptive and Unfair Trade Practices Act; and (4) fraudulently filing information returns with the Internal Revenue Service misclassifying Plaintiffs as independent contractors (Doc. 1). Defendant denies all of Plaintiffs' allegations (Doc. 12). On March 9, 2017, Plaintiffs notified the Court that the parties had settled their dispute (Doc. 14). The Court directed the parties to

file a motion for joint approval of their settlement agreement on or before April 3, 2017 (Doc. 15).

Plaintiffs filed the first motion for approval a day late (Doc. 18) The Court rejected the parties' proposed settlement agreement due to the presence of: (1) a general release purporting to waive all of Plaintiffs' claims against Defendant and multiple non-parties; (2) a no re-employment provision; (3) a confidentiality provision; and (4) a non-disparagement provision (Doc. 19). The denial Order gave the parties leave to move for approval of an amended settlement agreement on or before April 25, 2017 (Id.).

The parties filed their amended motion for approval on April 20, 2017 (Doc. 20). Though the motion was timely submitted, the parties did not attach their amended settlement agreement, so the Court ordered them to do so immediately (Doc. 21). The parties re-filed their amended motion, representing that they had revised their settlement agreement in accordance with the Court's instructions (Doc. 22). But, the settlement agreement was the same one the Court had rejected in its April 7th order (Compare Doc. 18-1, with Doc. 22-1). Because the deadline had not yet expired, the Court gave the parties "one final opportunity to remedy their repeated submission errors" (Doc. 23 at 2).

On April 25, 2017, the parties filed their second Renewed Joint Motion to Approve FLSA Settlement and to Dismiss with Prejudice which included a new version of their settlement agreement (Doc. 24; Doc. 24-1). Upon review, I found the settlement agreement deficient and recommended that it be rejected because: (1) it did not include the payment of liquidated damages to Plaintiffs, and failed to explain why liquidated damages were not appropriate; and (2) the agreement included a provision stating that the Court would retain "jurisdiction to enforce the terms of this Agreement for a period of six months." (Doc. 25). The parties objected to that part of my report and recommendation

that concerned liquidated damages (Doc. 26). The Court conducted an independent review, overruled the objections, and adopted my report and recommendations (Doc. 27).

On August 24, 2017, the parties submitted another version of their settlement agreement for the Court's consideration (Doc. 28-1). I recommended that the Court reject this agreement because it included (1) language preventing Plaintiffs' from bringing claims against Defendant "for any other reason;" (2) it contained a jurisdiction retention provision the Court had previously instructed the parties to strike; and (3) the agreement contained a provision in which Plaintiffs' damages were not classified as wages thus enabling Defendant to not issue W-2s (Doc. 29). The Court adopted my report and recommendation and rejected the parties' agreement (Doc. 34). The latest edition of the parties' agreement cures these defects (Doc. 35-1).

## II. Legal Standard

"The principal congressional purpose in enacting the Fair Labor Standards Act of 1938 was to protect all covered workers from substandard wages and oppressive working hours, 'labor conditions [that are] detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers.'" Barrentine v. Ark.-Best Freight Sys., Inc., 450 U.S. 728, 739 (1981) (alternation in original) (quoting 29 U.S.C. § 202(a)). "Any employer who violates the provisions of section 206 or section 207 of [the FLSA] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Section 206 establishes the federally-mandated minimum hourly wage, and § 207 prescribes overtime compensation of "one and one-half times the regular rate" for each hour worked in excess of forty hours during a given workweek. The provisions of the FLSA are mandatory and "cannot be abridged by contract or otherwise waived."

Barrentine, 450 U.S. at 740. To permit otherwise would "'nullify the purposes' of the [FLSA] and thwart the legislative policies it was designed to effectuate." Id. (quoting Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 707 (1946)).

The parties seek judicial review and a determination that their settlement of Plaintiff's FLSA claim is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employers under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." Id. at 1353 (citing Schulte, Inc. v. Gangi, 328 U.S. 108 (1946)).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." Id. at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Id.

In determining whether a settlement is fair and reasonable, the Court considers the following factors: "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel." Hamilton v. Frito-Lay, Inc., No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007). There is a "'strong presumption' in favor of finding a settlement fair." Id. (citing Cotton v. Hinton, 559 F.2d 1331 (5th Cir. 1977)).

Before approving a settlement, the district court must first scrutinize the parties' agreement and determine whether it is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. Lynn's Food, 679 F.2d at 1354-55. If the settlement reflects a reasonable compromise of issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement in litigation." Id. at 1354. The nature of this lawsuit prompts the district court's review of the parties' settlement agreement rather than an examination conducted by the Secretary of Labor. My assessment of fairness is guided by prevailing case law in this Circuit, including Fiber Moreno v. Regions Bank, 729 F. Supp. 2d 1346 (M.D. Fla. 2010).

### III. Discussion

### A. Damages

Plaintiffs represent that:

> 9. Based on their recollection of events, Plaintiff, Santiary Rivera, estimated her damages to be approximately $3,040.24 and Plaintiff, Hector Burgos, estimated his damages to be approximately $1,989.00, excluding liquidated damages. Conversely, Defendant estimates that Plaintiffs are not owed wages. In light of these differences, this settlement was both reasonable and fair under the facts of this particular case.

(Doc. 35, ¶ 9).

The settlement agreement provides for the payment of $3,000 to each Plaintiff (Doc. 35-1, ¶ 6). In Reviara's case, this is only $40.24 less than her damage estimate. The same amount represents $1,011 more than Burgos estimate of what he is owed. I find these amounts to be fair and reasonable.

## B. Liquidated Damages

The parties' settlement agreement does not include the payment of liquidated damages to Plaintiffs. Under 29 U.S.C. § 216(b), an employee damaged by a violation of the FLSA is entitled to unpaid overtime compensation plus an additional, equal amount, as liquidated damages. Title 29 U.S.C. § 216(b) ("Any employer who violates the provisions of [the FLSA] shall be liable to the employee … affected in the amount of their unpaid minimum wages … in an additional equal amount as liquidated damages."). The award of liquidated damages in an amount equal to the amount of back pay is mandatory unless the employer can show that its actions were taken in good faith[1] and that it had reasonable grounds for believing its actions did not violate the statute. Alvarez Perez v. Sanford-Orlando Kennel Club, Inc., 515 F.3d 1150, 1164 (11th Cir. 2008) (citing Spires v. Ben Hill Cnty., 980 F.2d 683, 689 (11th Cir. 1993) ("If a court determines that an employer has established a good faith defense, it may, 'in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 ….'")).

---

[1] The FLSA has established a good faith defense to the award of liquidated damages:

> [I]f the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act … the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in [§ 216(b)].

29 U.S.C. § 260.

"To satisfy the subjective 'good faith' component, the employer has the burden of proving that it had an honest intention to ascertain what the [FLSA] requires and to act in accordance with it." Davila v. Menendez, 717 F.3d 1179, 1185 (11th Cir. 2013) (quoting Dybach v. State of Fla. Dep't of Corr., 942 F.2d 1562, 1566 (11th Cir. 1991)). "'What constitutes good faith on the part of [an employer] and whether [the employer] had reasonable grounds for believing that [its] act or omission was not a violation of the [Act] are mixed questions of fact and law ... [That test has] both subjective and objective components.'" Dybach, 942 F.2d at 1566; see 29 C.F.R. § 790.22. When the employer fails to prove that it acted in both subjective and objective good faith, the award of liquidated damages is mandatory. Davila, 717 F.3d at 1186.

An employee "may not negotiate away liquidated damages or back wages in the interest of achieving a settlement." Hogan v. Allstate Beverage Co., 821 F. Supp. 2d 1274, 1281 (M.D. Ala. 2011); Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1236 (M.D. Fla. 2010); Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 70 (1945) (An employee cannot waive his right to liquidated damages in an FLSA settlement agreement when there is no genuine dispute about the employee's entitlement to liquidated damages).

The parties represent that:

> Defendant's good faith affirmative defense was central to the settlement negotiations. Although Plaintiffs assert that they were misclassified, Plaintiffs were independent contractors and had executed IRS Form 1099. Defendant reasonably believed Plaintiffs were exempt from the overtime provisions of the FLSA. Further, Defendant asserted that it did pay Plaintiffs overtime on some occasions (even thought it was not required to do so), and kept detailed time and pay records demonstrating that Plaintiffs rarely, if ever, worked overtime hours. Based on the information provided by Defendant, including the time and pay records kept in the ordinary course of business, conversations between counsel explaining how Defendant paid Plaintiff, and the undersigned's analysis, Plaintiffs' counsel determined that it would be difficult, if not impossible, to recover liquidated damages. Thus, at least from

> Plaintiffs' perspective, it was the undersigned's goal to recover as much of the "hard" damages as possible with the understanding that it was not likely to recover liquated damages. In this settlement, Plaintiff Rivera recovered nearly 100% of her unliquidated damages and Plaintiff Burgos recovered more than his estimate of damages or 75% of his best possible day including liquidated damages. See Goern v. Everglades Day Safari, Inc., No. 2:16-cv-755-FtM-99MRM, 2017 U.S. Dist. LEXIS 121573, at *4 (M.D. Fla. July 14, 2017) (noting that since the parties represented to the court that "Plaintiff is not entitled to any liquated damages as the employer had a good faith belief that the act or omission was not in violation of the FLSA" the FLSA settlement agreement did not have to provide for liquidated damages).
>
> The amounts above fairly balance the monetary amounts at issue in the case with the risks inherent in proceeding with litigation rather than settling. See Patterson v. Acad. Fire Prot., Inc., Case No. 3:13-cv-87-J-34JBT, 2013 U.S. Dist. LEXIS 182719, 2014 WL 169812, at *6 (M.D. Fla. Jan. 8, 2014) (finding FLSA settlement agreement fair and reasonable where plaintiff did not receive liquidated damages under the agreement because there was a genuine dispute as to whether plaintiff was entitled to such damages); See also Villanueva v. Next Level Commercial Cleaning Corp., Case No. 8:16-cv-949-T-36TBM (M.D. Fla. May 9, 2017).

(Doc. 35 at 5-6).

Counsel are presumed to know more about the case than the Court does. Based upon his evaluation, Plaintiffs' attorney believes there is a high probability that Defendant will be able to prove its good faith defense. On this issue, the Court does not have enough information to substitute its judgment for the judgment of Plaintiffs' counsel. Therefore, I recommend the Court accept the parties' agreement despite the failure to include liquidated damages.

### C. Attorney's Fees

Defendant has agreed to pay $4,000 in attorney's fees and costs to counsel for Plaintiffs (Doc. 35-1, ¶ 6). Where, as here, the plaintiff's attorneys' fee is agreed upon separately without regard to the amount paid to the plaintiff, "unless the settlement does

not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." Bonetti v. Embarq Mgmt. Co., 715 F. Supp. 2d 1227, 1228 (M.D. Fla. 2009). I find no reason to question the reasonableness of the attorney's fee here.

## D. Release

The parties' settlement agreement no longer includes a release or statement that Defendant "does not owe Plaintiffs any other monies with regard to compensation associated for hours worked **or for any other reason**" (Doc. 35-1, ¶ 3) (emphasis added). The parties have also removed from paragraph 11.c the statement that: "Plaintiffs' waiver of rights and claims in this Agreement is in exchange for good and valuable consideration in addition to that which Plaintiffs may already be entitled." Accordingly, this is no longer an impediment to approval of the agreement.

## E. Jurisdiction to Enforce Settlement Agreement

The parties have removed from this iteration of their agreement the language stating that the Court would retain "jurisdiction to enforce the terms of this Agreement for a period of six months." (Doc. 35-1, ¶ 16).

## F. Taxes

The agreement now provides that Defendant will issue W-2's and pay its share of any FICA tax determined to be owing (Doc. 35-1, ¶ 7).

## IV. Recommendation

The parties having now addressed the Court's concerns, I respectfully recommend that their Third Amended Joint Motion to Approve FLSA Settlement and to Dismiss with Prejudice (Doc. 28) be **GRANTED**.

## V. Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida on October 3, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record