UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SANTIARY RIVERA; and HECTOR L. BURGOS,

    Plaintiffs,

v.                                       Case No. 6:16-cv-2158-Orl37TBS

U.S.A. TRANSPORTER SERVICES, INC.,

    Defendant.

## ORDER

Plaintiffs initiated this action against Defendant alleging, among other things, that it failed to pay them overtime wages in violation of the Fair Labor Standards Act ("**FLSA**"). (Doc. 1.) Before the Court is the parties' Third Amended Joint Motion to Approve FLSA Settlement and to Dismiss with Prejudice, filed pursuant to *Lynn's Food Stores, Inc. v. United States ex rel. United States Department of Labor*, 679 F.2d 1350 (11th Cir. 1982). (Doc. 35 ("**Motion**"); Doc. 35-1 ("**Agreement**").) On referral, U.S. Magistrate Judge Thomas B. Smith issued a Report recommending that the Court grant the Motion and approve the Agreement. (Doc. 36 ("**R&R**").) The parties then jointly notified the Court that they have no objections to the R&R. (Doc. 37.)

In his R&R, Magistrate Judge Smith concludes that the Agreement is fair and reasonable because: (1) the payment amounts are fair; (2) the absence of a liquidated damages award is supported by a good faith defense; and (3) the parties removed

-1-

previously offending language. (Doc. 36, pp. 5–9.)

In the absence of objections, the Court has reviewed the R&R only for clear error. *See Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-cv-557-T-27EAJ, 2016 WL 355490, at *1 (M.D. Fla. Jan. 28, 2016); *see also Marcort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). Finding no clear error, the R&R is due to be adopted in its entirety. The Court writes separately, however, to elucidate the standard for omitting liquidated damages in the FLSA settlement context.

Generally, an award of liquidated damages equal to the amount of back pay is mandatory in FLSA actions unless the employer can demonstrate that its actions were taken in good faith—subjective component—and that it had reasonable grounds for believing its actions did not violate the statute—objective component. *See Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1164 (11th Cir. 2008); *see also* 29 U.S.C. § 260. This requirement is known as the good faith defense.[1] *Dybach v. State of Fla. Dep't of Corr.*, 942 F.2d 1562, 1566 (11th Cir. 1991).

In the Motion, Plaintiffs concede that "it would be difficult, if not impossible to recover liquidated damages" based on the likelihood of success for Defendant's good faith defense. (Doc. 35, p. 6.) The parties represent that Defendant provided business records and other evidence to support the viability of this defense. (*Id.* at 6.) Based on this representation, the Court will presume that Defendant has sufficient evidence to

---

[1] Specifically, the subjective component requires an employer to prove "that it had an honest intention to ascertain what the Act requires and to act in accordance with it." *Davila v. Menendez*, 717 F.3d 1179, 1185 (11th Cir. 2013) (quoting *Dybach*, 942 F.2d at 1566).

demonstrate both components of the good faith defense. But where liquidated damages are not included in an FLSA settlement agreement, the better practice is for a defendant to submit evidence that demonstrates its entitlement to a good faith defense.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. U.S. Magistrate Judge Thomas B. Smith's Report and Recommendation (Doc. 36) is **ADOPTED**, **CONFIRMED**, and made a part of this Order.

2. The parties' Third Amended Joint Motion to Approve FLSA Settlement Agreement and to Dismiss With Prejudice (Doc. 35) is **GRANTED**.

3. The parties' Settlement Agreement and Mutual Release (Doc. 35-1) is **APPROVED**.

4. This case is **DISMISSED WITH PREJUDICE**.

5. The Clerk is **DIRECTED** to close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on October 10, 2017.

ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record